IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   CRIMINAL NO. PWG-21-58 |
| ANTONIO DWAYNE JOHNSON, | * |
| | * |
| Defendant | * |

\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

The Government, through undersigned counsel, respectfully responds to the Defendant's motion *in limine* to Preclude Introduction of Other Crimes Evidence Pursuant to Federal Rules of Evidence 403 and 404(b), ECF No. 42 (the "Defendant's motion"). In his motion, the Defendant moved to preclude the Government's introduction of evidence under Rule 404(b) regarding the Defendant's arrest in Prince George's County Circuit Court ("PGCCC") case number CJ200143 and conviction in PGCCC case number CT181560X. The Government moved to admit evidence of these crimes, along with evidence of the Defendant's other PCP incidents under Federal Rules of Evidence 404(b) and 609, and the requirements of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). ECF No. 43 (the "Government's motion"). The Defendant argues that the evidence of the Defendant's arrest in PGCCC case number CJ200143 and conviction in PGCCC case number CT181560X should be excluded because the Government's notice was inadequate and because the incidents do not otherwise meet the requirements of admissibility. For the reasons explained below, these arguments fail with respect to these incidents and the Defendant's other PCP incidents described in the Government's motion.

### I.   The Defendant has Adequate Notice

As a preliminary matter, the Government provided notice that it intended to introduce evidence of not only the Defendant's arrest in PGCCC case number CJ200143 and conviction in PGCCC case number CT181560X under Rule 404(b), but every other PCP incident listed in the Government's motion as well. These notices were provided to the Defendant in discovery letters dated April 7, 2022 (Discovery 3), April 22, 2022 (Discovery 4), and May 6, 2022 (Discovery 5).[1] *See* Ex. 1–3. For example, in the Government's April 7, 2022 Discovery 3 Letter, the Government provided a Rule 404(b) notice regarding the Defendant's 2007, 2015, and 2017 PCP convictions and explained the purpose of the evidence as follows:

> This evidence is relevant and admissible for purposes other than proving the Defendant's character or criminal predisposition. The evidence will be offered to establish identity, common scheme or plan, knowledge, and lack of accident/absence of mistake. Each of these prior incidents involved a similar *modus operandi*, in that the Defendant possessed or possessed with the intent to distribute PCP. In addition, the 2015 convictions for the Possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket Nos. CT150004X and CT150094X, include evidence that the Defendant possessed

---

[1] The Government provided an additional Rule 404(b) notice to the Defendant in a letter dated May 26, 2022 (Discovery 6) regarding further evidence of the Defendant's convictions in Prince George's County Circuit Court case numbers CT181560X and CT070231X. *See* Ex. 4. The Government previously provided notice that it intended to introduce evidence of these convictions in its letters dated April 7, 2022 (Discovery 3) and May 6, 2022 (Discovery 5), and in its motion *in limine*. *See* Ex. 1, 3, ECF No. 43.

glass vials of PCP in connection with tobacco products to sell "dippers," similar to the charged conduct in this case. Likewise, the 2007 conviction for Possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket No. CT070231X, includes evidence that the Defendant possessed a glass vial of PCP at his residence on Afton Street, similar to the charged conduct here. This evidence further establishes the Defendant's knowledge and lack of accident/absence of mistake.

Moreover, the Government's motion *in limine* to admit evidence of these incidents provides further timely and substantive notice regarding the Government's intention to introduce evidence of these incidents and the purposes for doing so.

As acknowledged by the Defendant, the notice provisions of Rule 404(b) are designed to prevent "'trial by ambush' that would occur if one were confronted at trial not only with acts alleged in the indictment but also with prior acts from the span of one's entire lifetime." *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Trial is scheduled to begin in this matter on August 15, 2022. The Defendant has been provided multiple notices of the specific incidents the Government intends to introduce at trial and the reasons for doing so more than three months before trial is scheduled to begin. Quite simply, there is no ambush here.

### II.     The Evidence is Admissible under Rule 404(b)

As explained in the Government's motion, evidence of the Defendant's prior PCP incidents meets the four requirements for admissibility: it is relevant, necessary, reliable, and its probative value is not substantially outweighed by confusion or unfair prejudice. *See Queen*, 132 F.3d at 997. None of the Defendant's arguments to the contrary are availing.

First, the Defendant argues that the evidence of prior PCP incidents is not relevant or necessary for this "drugs and guns case."[2] However, the Government must prove that the Defendant knew he possessed a controlled substance and intended to distribute it, and that he possessed a firearm in furtherance of his drug trafficking crime. By pleading not guilty, the Defendant has put his knowledge and intent at issue and therefore, evidence of similar prior offenses is relevant to prove the Defendant's knowledge and intent as it relates to the PCP he possessed on the date charged. *See United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997).

Second, the Defendant argues that the Defendant's prior PCP incidents involving possession of PCP are not relevant to the current charge of possession with intent to distribute PCP. However, the Government seeks to admit not just the *result* of the Defendant's previous PCP incidents, but the *conduct* underlying them. The Fourth Circuit has held that evidence with a close factual nexus to the conduct underlying the offenses charged is relevant and necessary to probe the intent and knowledge of the Defendant in the charged case. *See United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018) (finding evidence of prior drug-related conduct admissible under Rule 404(b) and distinguishing this evidence from bare fact of prior conviction); *see also United States v. Smith*, 383 Fed App'x 355, 357–58 (4th Cir. 2010) (affirming admissibility of past cocaine distribution convictions to show knowledge, lack of mistake, and opportunity); *United States v. Grier*, 619 F. App'x 227 (4th Cir. 2015) (affirming admissibility of defendant's prior conviction for possession with intent to distribute PCP). The conduct of the Defendant's previous PCP incidents is remarkably similar to the conduct at issue here: namely, possessing vials of PCP, often along with cigarettes that are used to dip in the PCP, and cash. Thus, the

---

[2] The Defendant only moved to preclude evidence of two of the Defendant's prior PCP incidents. For the sake of completeness, in case the Defendant intends to move to preclude the additional PCP incidents, the Government treats the Defendant's motion as relating to all of the prior PCP incidents for which the Government provided Rule 404(b) notices.

conduct underlying these prior PCP incidents is relevant and necessary to probe the intent and knowledge of the Defendant in this case, regardless of whether a prior charge is pending or, in some of the prior cases, the Defendant pled guilty to possession of PCP and the distribution charges were dropped as part of a plea deal.

Finally, the Defendant argues that evidence of the Defendant's prior PCP incidents would be unduly prejudicial because it could lead to the chance that the jury would convict the Defendant based on his previous drug-related activity. But this conclusory argument turns the Rule 404(b) analysis on its head. As discussed above, the Government is not seeking to introduce evidence of the prior PCP incidents as impermissible character evidence. Rather, the Government seeks to introduce the evidence to show the Defendant's knowledge and intention to distribute the PCP and possession of a firearm to protect his drugs and his person. The Fourth Circuit has repeatedly held that Rule 404(b) is a "rule of inclusion," and trial courts should admit evidence unless it is offered *solely* to prove criminal disposition. *Queen*, 132 F.3d at 994. Just because the evidence may be damaging to the Defendant with respect to his knowledge and intention, that does not make it unduly prejudicial because "highly probative [evidence] invariably will be prejudicial to the defense." *Bell*, 901 F.3d at 465 (citing *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009)).

The Defendant cites *United States v. Tate*, 715 F.2d 864, 866 (4th Cir. 1983), to support the proposition that evidence of the prior PCP incidents would be unduly prejudicial, but the facts of that case are distinguishable. In *Tate*, the defendant was charged with being a felon in possession of a firearm. At trial, the defendant claimed that he had no knowledge of two firearms that were in his vehicle. The Fourth Circuit held that evidence that the defendant had possessed a different firearm than the two in his vehicle sometime earlier that year did not demonstrate the defendant had knowledge of the firearms that he was charged with. Unlike in *Tate*, the Defendant's prior possession of glass vials of PCP, often in conjunction with cigarettes and cash, is relevant to his knowledge of those same items in this case. Instead, the more analogous and recent Fourth Circuit cases are *Bell* and *Smith*. In those cases, the Fourth Circuit held that evidence of prior drug convictions that involved similar conduct and drugs were admissible under Rule 404(b). *See Bell*, 901 F.3d at 466; *Smith*, 383 Fed App'x at 357–58. Like in *Bell* and *Smith*, the evidence of prior incidents involving the same drugs and *modus operandi* is relevant to the charged conduct and admissible under Rule 404(b). Moreover, to the extent there would be any prejudice to the Defendant, it can be cured through a proper jury instruction. *See United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011).

### III.   The Evidence is Admissible under Rule 609 and *Rehaif*

The Defendant's motion *in limine* addresses only the admissibility of prior PCP incidents under Rule 404(b). For the reasons explained in the Government's motion, the Defendant's 2007 convictions are also admissible under *Rehaif* and, depending on whether the Defendant testifies and the nature of that testimony, the Defendant's 2007, 2017, and 2020 convictions are admissible for impeachment purposes under Rule 609.

Respectfully submitted,
Erek L. Barron
United States Attorney

By:  _____/s/_____
Patrick Kibbe
Special Assistant United States Attorney
Kelly O. Hayes
Assistant United States Attorney

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
Patrick Kibbe
Special Assistant United States Attorney