IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *    CRIMINAL NO. PWG-21-58 |
| v. | * |
| | * |
| ANTONIO JOHNSON, | * |
| | * |
| Defendant | * |
| ******* | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

On July 8, 2022, the Defendant, Antonio Dwayne Johnson, appeared before this Court and pled guilty to Counts One and Two of the Indictment, which charged the Defendant in Count One with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and in Count Two with Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a). ECF 56. He will appear before this Court for sentencing on November 28, 2022. Pursuant to a written plea agreement under Rule 11(c)(1)(C), the parties agreed to a term of imprisonment of not less than 60 months and not more than 96 months in the custody of the Bureau of Prisons. ECF 57. The United States Probation Office ("USPO") calculated the range of imprisonment under the United States Sentencing Guidelines as 110 to 137 months and recommended a sentence of 110 months imprisonment followed by three years of supervised release. ECF 63. The Government respectfully requests a sentence of 96 months imprisonment followed by three years of supervised release, along with forfeiture of the firearm and ammunition seized that was part of the offense. The Government submits that such a sentence would be sufficient but not greater than necessary to achieve the aims of sentencing articulated in 18 U.S.C. § 3553(a).

**I.     Argument**

The statutory factors for the Court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide the defendant with needed services; and 3) the kinds of sentences available and the need to avoid unwarranted sentencing disparities. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.

The Government submits that a sentence of 96 months, followed by three years of supervised release, and the forfeiture of the firearm and ammunition seized in this matter is sufficient, but not greater than necessary, given the facts and circumstances of this case and the § 3553(a) factors.

    **a.     The Nature and Circumstances of the Offense**

The Defendant pled guilty to being a felon in possession of a firearm and possessing with the intent to distribute PCP. The plea agreement details the serious nature and circumstances of the Defendant's offense. *See* Plea Agreement, ECF 57. During the summer and fall of 2019, Prince George's County Police Department ("PGPD") received community complaints that a man called "Boo Boo," whom police knew to be the Defendant, was regularly selling PCP outside his home in Temple Hills, Maryland. Officers set up patrols and surveillance of Defendant's home beginning in November 2019 and observed him selling PCP to customers, who would smoke the PCP on the street or in abandoned cars in the neighborhood. Officers observed this happen on a regular basis over the course of two weeks.

On December 5, 2019, PGPD officers were conducting surveillance of the Defendant's residence. An officer observed the Defendant engage in several hand-to-hand drug transactions over the course of approximately 45 minutes and sent a text message requesting additional officers. Other officers arrived on the scene and made a plan to approach the residence. As the officers approached, the group of customers ran away and the Defendant ran to his house. Officers arrested the Defendant as he was attempting to open the door. As they did so, the officers noticed the Defendant repeatedly move his hand to his left jacket pocket. An officer grabbed the pocket to prevent the Defendant from reaching what was inside and felt the outline of a gun when he did so.

After searching the Defendant, officers found a Ruger Model Lite .22 handgun bearing serial number 39068240 loaded with four rounds of .22 caliber Remington ammunition in the Defendant's left jacket pocket, two glass vials of PCP totaling more than 20 grams but less than 40 grams, two boxes of cigarettes, and a dropper in his right jacket pocket. Officers also found $192 in U.S. currency in the Defendant's sock. The currency was proceeds of the Defendant's PCP distribution.

The Defendant knowingly possessed the PCP with intent to distribute it. The Defendant also knowingly possessed the firearm and ammunition and did so in connection with his drug trafficking business. The Defendant possessed the firearm and ammunition knowing that he was prohibited from doing so due to his past felony convictions, which include two prior convictions for controlled substance offenses, as defined by the United States Sentencing Guidelines. The quantity and nature of PCP that the Defendant possessed with the intent to distribute is significant and is a threat to community health and safety. In addition, the Defendant's possession of a loaded

firearm in connection with his drug trafficking business presents a serious threat of violence. This offense conduct warrants a serious sentence of 96 months imprisonment.

### b. The History and Characteristics of the Defendant

The Presentence Investigation Report ("PSR") details the Defendant's serious criminal history. The instant offense is the latest in a long series of PCP and firearm offenses. As detailed in the PSR, this is the Defendant's third firearm conviction after he sustained two convictions in 2002 for having a handgun on his person in the Circuit Court of Maryland for Prince George's County (Docket Nos. CA015100J and CA023610J). The Defendant was also arrested on firearms offenses twice in 2001, once in 2006, and once in 2019, but those cases were ultimately dismissed in the Circuit Court for Prince George's County.

This is the Defendant's seventh PCP conviction, all of which are similar to the offense of conviction in this case. Specifically, the Defendant has the following PCP convictions:

- 2006 conviction for Possession with the Intent to Distribute a Controlled Substance (PCP) in the Circuit Court of Maryland for Prince George's County, Docket No. CT062125X. In this case, the Defendant was arrested after he was observed conducting a hand-to-hand transaction in front of his residence on Afton Street in Temple Hills, Maryland. When he was arrested, officers recovered a glass vial containing approximately one quarter ounce of PCP, eighteen cigarettes, which are commonly used to dip into PCP and sold as "dippers," and $225 in cash. *See* PSR at 8-9; Exhibit 1 (certified conviction); Exhibit 2 (probable cause statement).[1]

- 2007 conviction for Possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket No. CT070231X. In this case, officers responded to a call about a shooting at the Defendant's residence on Afton Street in Temple Hills, Maryland. After determining that no one had been shot outside of the residence, officers knocked on the door. At that time, they observed a bag and a glass vial thrown out of a side window. The glass vial contained trace amounts of PCP. The Defendant was inside the residence and was arrested. *See* PSR at 9-10; Exhibit 3 (certified conviction and statement of charges).

- 2015 conviction for Possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket No. CT150094X. In this case, the Defendant was arrested in Temple Hills, Maryland, and was found to be in possession of a glass vial that contained

---

[1] Certified convictions and probable cause statements are provided where the PSR does not contain full details of the incident.

one ounce of PCP, a distribution level amount with an approximate street value of $1600, that contained brown flecks of suspected tobacco, indicating that it was used for "dippers." The Defendant also had $444 in cash. *See* PSR at 10.

- 2015 conviction for Possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket No. CT150004X. In this case, the Defendant was the passenger in a vehicle that was stopped in Capitol Heights, Maryland. Officers could smell PCP, and found cigarettes dipped in PCP in the vehicle. Officers also found a glass vial with approximately one half ounce of PCP, with an approximate street value of $800, and $1048 in cash on the Defendant's person. *See* PSR at 11.

- 2017 conviction for Possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket No. CJ163864. In this case, officers executed a search warrant at the Defendant's residence on Afton Street in Temple Hills, Maryland. Officers located a glass vial containing one ounce of PCP, a distribution quantity with an approximate street value of $1600. *See* PSR at 12.

- 2020 conviction for possession of PCP in the Circuit Court of Maryland for Prince George's County, Docket No. CT181560X. In this case, officers were patrolling near the Defendant's residence on Afton Street in Temple Hills, Maryland after receiving multiple complaints about drug activity. The Defendant was arrested and found to be in possession of a glass vial containing approximately one ounce of PCP, a distribution amount valued at $1600, and two boxes of Newport cigarettes, commonly used to sell "dippers." *See* PSR at 12; Exhibit 4 (certified conviction and statement of probable cause).

As detailed in the Presentence Report, the Defendant has also repeatedly obtained the benefit of suspended sentences and diversionary Drug Court for these convictions. Despite this, the Defendant has continued dealing PCP to the serious detriment of the community.

The Defendant also has several recent charges for sexual misconduct. In 2019, the Defendant was charged with indecent exposure (Prince George's County District Court, Docket No. 5E00686019). And in 2020, the Defendant was charged with sexual abuse of his four-year-old daughter (Prince George's County Circuit Court, Docket No. CT200660X). As detailed in the PSR, according to the statement of charges in that case, on April 14, 2020, investigators assisted a social worker with a forensic interview with the victim. During the forensic interview, the victim disclosed that her mother left her in the house with the Defendant, her biological father. The victim disclosed that the defendant pulled her pants down and pushed her down onto the carpet. When

5

the victim attempted to pull her pants up, the defendant "plucked" her hands. The victim then disclosed that the defendant touched her private part with his finger and was wiggling his finger while touching her private part. The victim disclosed the abuse occurred downstairs in the living room where she lives with her mother. During the time of the abuse, the victim was four years old and the Defendant was 36 years old. The Defendant was set for trial in that case on October 24, 2022. However, according to the Assistant State's Attorney prosecuting that case, the case was ultimately dismissed by the State Attorney's Office for Prince George's County before trial due to the victim's young age, lack of other witnesses, and because there was a plea agreement in this case with an agreed upon term of imprisonment of five to eight years.

These prior convictions and alleged criminal conduct demonstrate the persistent harm that the Defendant has inflicted upon the community. As explained above, this case started with community complaints from neighbors who were tired of living in the shadow of the Defendant's drug dealing and saw him arrested and convicted time and time again with no change. The Defendant's history and characteristics underscore the need for a significant sentence to protect the safety of the community and to prevent the Defendant from continuing to terrorize those within his orbit.

    **c. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The Defendant possessed a loaded firearm in connection with his PCP dealing. As described above, the Defendant has repeatedly unlawfully possessed firearms and dealt PCP and has continued this conduct despite his previous convictions and participation in drug court. This offense conduct, and the Defendant's recidivism, demonstrate a need for a significant sentence that promotes respect for the rule of law and just punishment. The Government submits that a

sentence of 96 months imprisonment is sufficient but not greater than necessary to achieve these goals of sentencing.

### d. Need to Provide Adequate Deterrence to Criminal Conduct

The Defendant's previous convictions have failed to deter him from distributing PCP and possessing a dangerous firearm, even though he was a prohibited from doing so. As described above, the Defendant has repeatedly unlawfully possessed firearms.  This is his third firearms conviction, and he has four other firearms arrests.  A serious sentence is needed to specifically deter the Defendant from unlawfully possessing firearms, particularly in connection with drug dealing, which increases the risk of violence.

A serious sentence is also needed to specifically deter the Defendant from dealing PCP. As described above, this is his seventh PCP conviction.  The Defendant has been afforded the opportunity to go to drug court and has obtained the benefit of suspended sentences.  Nothing has stopped the Defendant from subjecting the people of his neighborhood to his unlawful drug dealing, putting them at risk, degrading their quality of life, and presenting a serious threat of violence, especially given that the Defendant combined his drug dealing with his firearm possession.  For these reasons, a sentence of 96 months imprisonment is warranted to deter the Defendant and convey to him that returning to such conduct in the future will yield similar consequences.

A sentence of 96 months will also serve the purpose of general deterrence and send the message to those who unlawfully possess firearms and deal drugs – and repeatedly do so – that their conduct will be met with consequences commensurate with their actions.

e. **Supervised Release, Forfeiture, and Fine**

The statutory maximum term of supervised release is three years. *See* 18 U.S.C. § 3583(b)(2). The Guidelines range for a term of supervised release is one to three years. USSG §5D1.2(a)(2). The USPO recommends a term of supervised release of three years. The Government concurs with this recommendation and respectfully requests a term of supervised release of three years. The Defendant is currently 39 years old. If the Court imposes a term of imprisonment of 96 months (with credit for time served), the Defendant will be released in his mid-forties.

The United States Sentencing Commission recently released studies regarding the recidivism of federal drug trafficking and firearms offenders. The recidivism rate for drug trafficking offenders was 47.9% and the median time to the recidivism event was 23 months.[2] Federal drug trafficking offenders with the Defendant's criminal history score of VI recidivated at a rate of 77.4%.[3] Federal drug trafficking offenders between 40 and 49 when released were rearrested at a rate of 39.7%.[4]

The recidivism rates were even higher for federal firearms offenders. The recidivism rate for federal firearm offenders was 69% and the median time to the recidivism event was 16 months.[5] Federal firearms offenders with the Defendant's criminal history score of VI recidivated at a rate

---

[2] UNITED STATES SENTENCING COMMISSION, RECIDIVISM OF FEDERAL DRUG TRAFFICKING OFFENDERS RELEASED IN 2010 (November 2021), at 23, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220112_Recidivism-Drugs.pdf.
[3] *Id.* at 31.
[4] *Id.* at 29.
[5] UNITED STATES SENTENCING COMMISSION, RECIDIVISM OF FEDERAL FIREARMS OFFENDERS RELEASED IN 2010 (November 2021), at 23, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20220209_Recidivism-Firearms.pdf.

of 82.8%.[6] Federal firearms offenders between 40 and 49 years of age when released recidivated at a rate of 64%.[7]

Although these general statistics are not a predictor in an individual case, the Government submits that a term of supervised release of three years is warranted here in light of the Defendant's recidivism to date, including multiple felony offenses for drug distribution. The Government hopes that a full term of supervised release, along with the knowledge that he will face potential additional imprisonment as a result of any violations, will serve as an adequate deterrent for the Defendant.

In the plea agreement, the Defendant agreed to forfeit the firearm and ammunition that was seized from him on December 5, 2020. The Government has filed a motion for a preliminary order of forfeiture, ECF No. 64, and respectfully requests that an order of forfeiture be incorporated into the Judgment.

The Government recommends no fine in this case, beyond the required $100 special assessments.

## II. Conclusion

As determined by the United States Probation Office and not contested by the parties, the Sentencing Guidelines recommend a 110 to 137 month term of imprisonment for the Defendant's crimes. The parties have agreed in a Rule 11(c)(1)(C) plea to a range of imprisonment between 60 and 96 months. The Government respectfully requests a sentence of 96 months imprisonment, which would be at the top Rule 11(c)(1)(C) plea range but below the Sentencing Guidelines range, along with a term of three years supervised release and forfeiture of the firearm and ammunition

---

[6] *Id.* at 28.
[7] *Id.* at 29.

involved in the offense, would be sufficient, but not greater than necessary, to satisfy the goals set forth in 18 U.S.C. § 3553.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

By:     /s/
        Patrick D. Kibbe
        Special Assistant United States Attorney

        Kelly O. Hayes
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on November 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

               /s/
               Patrick D. Kibbe
               Special Assistant United States Attorney