IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-21-0058 |
| ANTONIO DWAYNE JOHNSON, | * | |
| Defendant. | * | |

**MEMORANDUM**

Antonio Johnson is serving a 72-month sentence in federal prison for one count of possession of a firearm and ammunition by a prohibited person and one count of possession with intent to distribute phencyclidine ("PCP"). He seeks a reduction in his sentence under 18 U.S.C. § 3852(c)(1)(A) and (2). He has not shown he is entitled to this relief.

**I.     Background**

On December 5, 2019, police officers observed Johnson engage in several hand-to-hand drug transactions in front of his house and arrested him. ECF 57-1, at 1. They searched him and recovered a loaded handgun, more than 20 but less than 40 grams of PCP, and proceeds from the PCP distribution. *Id.* at 1–2.

On July 8, 2022, Johnson pled guilty to Counts One and Two of the Indictment, charging him with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF 56. On November 28, 2022, Johnson was sentenced to 72 months' imprisonment on each of Counts One and Two, to run concurrent, followed by three years of supervised release. ECF 86.

On February 14, 2024, Johnson filed a motion to reduce his sentence pursuant to § 3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing

Guidelines ("U.S.S.G."). ECF 92. He also seeks a reduction under 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because his incarceration has been "harsher" punishment than intended, he has not been able to earn time credits toward early release, he is the only one available to care for his grandmother, who now needs live-in care, and he has been rehabilitated. *Id.* Johnson insists that, due to the pandemic and his "in ability to get treatment [in prison] for his diagnosed conditions of bi-polar disorder and depression[] during the pandemic," he experienced "punishment far more harsh than anticipated or intended by the sentencing court." *Id.* at 2; *see id.* at 14–16. He asserts that inmate programming, like the Residential Drug Abuse Program ("RDAP"), has been limited and those like him who are wait-listed (and therefore unable to participate) are penalized because they cannot reduce their recidivism levels to low. *Id.* at 4–5, 18. He complaints that, as a result, they are ineligible for earned time credits under the First Step Act. *Id.* He also insists he is the only available caregiver for his 82-year-old grandmother, who has been injured and experienced a "natural decline in overall health & mobility due to age" and is in need of live-in care so that she does not need to go to a nursing home. *Id.* at 5, 12–13. He states that, while in prison, he has done well on his work assignments, attended church regularly, coached basketball, and has not had any disciplinary incidents. *Id.* at 5–6, 19. His release date is April 2, 2026.

Johnson also filed a motion for appointment of counsel. ECF 91. The Federal Public Defender declined to supplement his motion on compassionate release grounds or pursuant to Amendment 821. ECF 94 & 95. Because Johnson has not shown extraordinary and compelling reasons for compassionate release, his request for compassionate release is denied. And, because he has not shown a basis for a reduction under § 3582(c)(2), his request for sentence reduction

2

pursuant to Amendment 821 is denied as well. Johnson's motion for appointment of counsel is denied.

## II. Reduction in Sentence

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

### A. Amendment 821

Johnson requests a reduction in his sentence under 18 U.S.C. § 3582(c)(2), arguing that he should, retroactively, receive one criminal history point (not two) under U.S.S.G. § 4A1.1(e), in light of Amendment 821. ECF 92, at 8. He also argues that he should not receive points for his past marijuana offenses because the revised guidelines commentary recommends leniency for such offenses. *Id*.

Under § 4A1.1(a)–(d), three, two, or one point is added for each of the defendant's prior sentences to determine the criminal history category. Under § 4A1.1(e), one additional criminal history point is added if the person received seven or more points under § 4A1.1(a) through (d) and the person committed the offense while under any criminal justice sentence. Before Amendment 821, two criminal history points were added if the person committed the offense while under any criminal justice sentence, regardless of the number of criminal history points assessed.

3

A review of Johnson's presentence investigation report, ECF 63, and the docket shows that Johnson is not entitled to a reduction under 18 U.S.C. § 3582(c)(2). At sentencing, Johnson's criminal history points totaled 18 and his criminal history category was VI. He received 16 criminal history points for past convictions and an additional two points because he committed the federal crime while under a criminal justice sentence for possession of PCP. ECF 63, at 13. Specifically, under § 4A1.1(a)–(c), Johnson received three, two, two, one, and two points for five separate possession of PCP convictions between 2006 and 2018, respectively, and he received three points for a 2019 theft conviction, for a total of 13 points. *Id.* at 9–12. Johnson also received three points under § 4A1.1(a)–(c) for a conviction for possession with intent to distribute a controlled substance in 2006; the substance is not identified, and the PSR states that the facts of that case are not available. *Id.* at 8–9.[1] Then, two points were added under § 4A1.1(e) because Johnson was under a criminal justice sentence for possession of PCP when he was arrested on December 5, 2019.

Johnson wants to eliminate any points he received under § 4A1.1(a)–(c) for past marijuana offenses, and he wants to reduce the points he received under § 4A1.1(e) from two to one. Even if Johnson's criminal history points were recalculated as he proposes, his criminal history category still would be VI. At most, he received three points under § 4A1.1(a)–(c) for his 2006 conviction for possession with intent to distribute the unidentified controlled substance, which the Court assumes for purposes of this motion was marijuana. His other drug convictions were for PCP. Without those three points, Johnson still would have 13 points under § 4A1.1(a)–(c). And with more than seven points under § 4A1.1(a)–(c), Johnson receives one point under § 4A1.1(e) (instead of the two points he previously received) because he was under a criminal justice sentence

---

[1] The Court will assume, solely for purposes of this motion, that the controlled substance in the 2006 conviction was marijuana. Johnson's criminal history also includes a 2001 marijuana conviction, but he did not receive any points for it. ECF 63, at 7.

for possession of PCP when he was arrested on December 5, 2019. So, even under Johnson's calculation of his criminal history points under the amendments, he has 14 criminal history points, which places him in criminal history category VI—the same category as at sentencing. *Id.*; U.S.S.G. § 4B1.1(b). Thus, even if the Court agreed with all of Johnson's arguments, his criminal history category and his guidelines would be the same as they were at sentencing. Johnson's request for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive application of the recent sentencing guideline amendments is denied.

### B. Extraordinary and Compelling Reasons

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons

described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Johnson asserts there is an extraordinary and compelling reason for reducing his sentence: his grandmother, who has been like a mother to him, needs a live-in caregiver as an alternative to nursing home care, and no one else is available to care for her. Care of an incapacitated family member who is like a parent and who has no other caregiver qualifies as an extraordinary and compelling reason for a reduction in sentence. *See* U.S.S.G. 1B1.13(b)(3). Yet Johnson provides only general statements that his grandmother has "physical and medical conditions she struggles with, as relates to deterioration caused by aging," that she "was seriously injured last year" when she took "a serious fall on the concrete of her driveway," and that she has limited mobility. ECF 92, at 13. The Fourth Circuit and this Court require more to find that a family member is incapacitated and that the defendant is the only available caregiver. *See United States v. Conley*, No. 24-6174, 2024 WL 3666171, at *1 (4th Cir. Aug. 6, 2024) (affirming denial of compassionate release motion because, even though the appellant's wife's "chronic and progressive form of appendix cancer" was a "serious" condition and "her needs [were] great," and their adult sons were "intermittently unavailable," there was no "evidence substantiating that [the wife] need[ed] 24-hour care, and that the sons and other family members [were] unable to provide it"); *United States*

6

*v. Elder*, No. ELH-17-084, 2024 WL 3819128, at *8–10 (D. Md. Aug. 13, 2024) (concluding that, "from the information provided by defendant, it [was] not entirely clear that his mother is incapacitated" after the defendant reported that his 72-year-old mother "had heart surgery, '"the left side of her heart doesn't work anymore,"' she '"has a host of other health issues,' including kidney disease," and '"[s]he is unable to care for herself'"; a letter from a registered nurse practitioner "state[d] that defendant's mother has had multiple hospitalizations for serious cardiac issues, including heart failure," which "is 'a progressive disease'"; and the mother's medical records noted " 'Systolic heart failure,' 'Paroxysmal atrial fibrilation,' chronic kidney disease stage 3, and pulmonary hypertension"); *United States v. Armstrong*, No. TDC-16-601, 2024 WL 1096621, at *2 (D. Md. Mar. 13, 2024) (finding that Armstrong established that her mother had congestive heart disease but not that she was "incapacitated," and Armstrong had not established that she was "the only available caregiver, where she has acknowledged that her stepfather has some capacity to assist and she has identified other relatives without fully explaining why they cannot provide care or make arrangements for care"). Johnson has not shown that his grandmother cannot care for herself or that no one else can provide the care she needs. Johnson's other grounds for compassionate release—that his incarceration amounted to more punishment than intended, that he has not been able to earn credits for early release, and that he has been rehabilitated—are not extraordinary and compelling reasons. Therefore, the Court denies Johnson's motion for compassionate release.

### III.  Motion for Appointment of Counsel

In civil cases, a federal district court judge has the discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel, but only if an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.

1982). "Courts consider 'the type and complexity of the case,' whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim." *Giddings v. Montgomery Cnty.*, No. GJH-21-959, 2021 WL 5921382, at *1 (D. Md. Dec. 15, 2021) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)), *aff'd*, No. 22-6057, 2022 WL 1284296 (4th Cir. Apr. 29, 2022). Because Johnson's claims are dismissed, his motion for appointment of counsel is denied.

### IV.     Conclusion

Because Johnson is not entitled to a reduction under § 4A1.1 and the § 3553(a) factors weight against a sentence reduction, Johnson's motion for compassionate release is denied. His motion for appointment of counsel is denied.

April 16, 2025
Date

Deborah L. Boardman
United States District Judge